UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:21-cr-64 JD/APR |
| ) | |
| DANIEL URQUIZA ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Abizer Zanzi, Assistant United States Attorney, and submits this memorandum for the Court's consideration in advance of Defendant Daniel Urquiza's sentencing hearing.

Between 2014 and 2018, Urquiza concealed over $700,000 in income from the Internal Revenue Service. During this time, Urquiza owned and operated two businesses – Lost Marsh Restaurant and RSR Demolition – that received substantial revenue from contracts with the City of Hammond and other local government entities. These lucrative government contracts allowed Urquiza to enjoy a lifestyle with luxuries including exclusive downtown Chicago apartments and an expensive racing car hobby.

While Urquiza enjoyed the fruits of his success, he willfully evaded his basic civic and legal obligation to pay his full and fair share of federal income

1

taxes. In tax years 2014, 2015 and 2016, Urquiza submitted false tax returns that grossly understated his income. Urquiza issued himself W-2s based on a salary he gave himself from his businesses. But he hid the fact that he also treated his companies as a personal piggy bank, routinely availing himself of cash revenues from the business and frequently making personal expenditures directly from the corporate bank accounts that far exceeded his reported salary. By 2017 and 2018, Urquiza stopped filing his tax returns, and continued to maintain his lifestyle without fulfilling his duty to pay his federal income taxes.

The Sentencing Guidelines recommend that Urquiza receive a sentence between 12-18 months in prison. The government recommends that the Court impose a sentence at or near the low end of the guideline range. Although there are factors that mitigate against a more severe sentence, namely his lack of prior criminal history and his acceptance of a pre-indictment plea agreement, the facts of this case do not merit a sentence of probation or home detention. Urquiza's criminal conduct was flagrant. He did not cheat on his taxes because of desperation or financial hardship, but because of greed. In tax evasion cases such as this one, general deterrence is particularly important. The United States tax system relies heavily on the truthful self-reporting of its citizens. The integrity of that system in compromised if the public believes that they

2

can cheat on their taxes with little or no criminal consequences. *See United States v. Ture*, 450 F.3d 352, 358 (8th Cir. 2006) (holding courts should consider in tax evasion cases "the importance of a term of imprisonment to deter others from stealing from the national purse"). Accordingly, Urquiza should receive a prison sentence.

Lastly, per the terms of the plea agreement, the Court should order Urquiza to pay $145,432 in restitution to the Internal Revenue Service.


        Respectfully Submitted,

        CLIFFORD D. JOHNSON
        UNITED STATES ATTORNEY

By:   /s/ *Abizer Zanzi*
        Abizer Zanzi
        Assistant United States Attorney
        United States Attorney's Office
        Northern District of Indiana
        5400 Federal Plaza, Suite 1500
        Hammond, IN 46320
        Telephone: (219) 937-5500
        Facsimile:   (219) 852-2770
        E-mail: Abizer.Zanzi@usdoj.gov